ESTATE of Jacques GRANAT, Deceased, Edwin Arnowitt, Executor, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

ESTATE of Jacques GRANAT, Deceased, Edwin Arnowitt, Executor, and Mae Granat, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 141, 142, Docket 27051, 27052.

United States Court of Appeals Second Circuit.

Jan. 31, 1962.

Jay S. Goodman, New York City, for petitioners.

Michael K. Cavanaugh, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MEDINA, SMITH and HAYS, Circuit Judges.

PER CURIAM.

Petitioners, the executor of the estate of Jacques Granat, and Granat's widow, seek review of orders of the Tax Court, February 27, 1961, Clarence V. Opper, Judge, finding deficiencies and additions to tax in the individual income tax returns of Granat for the years 1947, 1949, 1950, 1951 and 1952 and in the joint returns of Granat and his wife for the years 1948 and 1954. The decisions and orders of the Tax Court are affirmed.

Granat was a messenger in the Curb Exchange, who also ran a business soliciting orders for stationery and printing, and made substantial loans to one Johnston, employed by a curb exchange firm and later convicted of large scale embezzlement. Granat passed through his bank accounts hundreds of thousands of dollars in the years in question in transactions largely unexplained. The Commissioner attempted to reconstruct Granat's income for the period as best he could, using in part a bank deposit analysis.

The Tax Court carefully reviewed the Commissioner's assessments in the light of the evidence available to it, substantially reducing them in some particulars, a reduction from which the Commissioner has not appealed. A detailed account of the proof is to be found in the Tax Court's Findings and Opinion, filed August 31, 1960. 19 T.C.M. 918.

The presumption of correctness of the Commissioner's assessments and the finding of fraud were reinforced by the admitted regular and long-continued omissions from income by decedent, by the refusal of decedent and later his executor to cooperate in the investigation and the refusal to make available decedent's books and records. The allocation to 1953 of the partial business bad debt loss under Sec. 23(k) I.R.C. 1939, 26 U.S.C.A. § 23(k) was supportable since it was only in 1953 that the amount of distribution available in the bankruptcy proceeding was determined. The test is objective. Boehm v. Commissioner, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78 (1945). We affirm on the opinion of the Tax Court.