Leo GRUDIN and Harriette Grudin,* Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 75–1260.

United States Court of Appeals, Ninth Circuit.

May 17, 1976.

* The wife is a party to this proceeding only because she participated, with her husband, in the filing of a joint federal income tax return. Both the husband and wife are referred to, collectively, as the "taxpayer".

Bruce I. Hochman of Hochman, Salkin & DeRoy, Los Angeles, Cal., for appellants.

Gilbert E. Andrews, Chief, Appellate Section, IRS, Washington, D. C., for appellee.

### OPINION

Before ELY and WALLACE, Circuit Judges, and ORRICK,** District Judge.

PER CURIAM:

The taxpayer is a dentist. In 1969 he was convicted after having pleaded guilty to wilfully and knowingly attempting to evade federal income taxes for the year 1964. Additionally, the Commissioner of Internal Revenue determined that the taxpayer's income tax returns for 1962, 1963, 1964, and 1965 were fraudulent under the civil fraud provisions of 26 U.S.C. § 6653. The taxpayer perfected an appeal to the Tax Court of the United States, which court sustained the Commissioner's determination of fraud in all respects. *Leo and Harriette Grudin*, 43 P–H Tax.Ct.Mem.Dec. 1039 (1974).

Here, the taxpayer challenges only the finding of fraud for the year 1962.

■ The taxpayer's principal contention is that there was no direct evidence of fraud on his part. It is well settled, however, that fraud may be established by circumstantial evidence. *Klassie v. United States*, 289 F.2d 96, 103 (8th Cir. 1961); *Powell v. Granquist*, 252 F.2d 56, 61 (9th Cir. 1958). *See Ruark v. Commissioner of Internal Revenue*, 449 F.2d 311, 313 (9th Cir. 1971). *Compare Factor v. Commissioner of Internal Revenue*, 281 F.2d 100, 111 (9th Cir. 1960), *cert. denied*, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961); *Bahoric v. Commissioner of Internal Revenue*, 363 F.2d 151, 154 (9th Cir. 1966).

■ Applying the principles of the foregoing authorities, we are convinced that we have no alternative save to affirm the decision of the Tax Court. The taxpayer offered an explanation for the substantial understatement of his income, but the duty was that of the Tax Court, and not of our court, to resolve the question of the credibility of the taxpayer in that respect.

AFFIRMED.