Sanford S. ZACK, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82–1250.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 1982.

David J. Lieberman, Southfield, Mich., for petitioner-appellant.

Kenneth W. Gideon, Chief Counsel, Internal Revenue Service, George M. Sellinger, Glenn Archer, Michael L. Paup, Carlton D. Powell, Farley P. Katz, Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before MARTIN, Circuit Judge, BROWN, Senior Circuit Judge, and BERTELSMAN,* District Judge.

ORDER

Sanford S. Zack seeks review of a Tax Court judgment ** upholding tax deficiencies and fraud penalties assessed by the IRS. Specifically, Zack claims that the Tax Court misallocated the burden of proof by requiring the taxpayer to prove that he actually paid certain deductible expenses.

The facts of this case are fully set out in the Tax Court's opinion and the briefs of the parties. Inasmuch as those facts are not in dispute on appeal, we proceed directly to the legal issue.

This controversy centers around the tax consequences of Zack's illegal use of FHA home improvement loans. For purposes of this civil proceeding, Zack admits that he understated his income by an amount which corresponds to the difference between the total loan proceeds and the actual cost of the home repairs he performed. Zack con-

---

* Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

** T.C. Memo 1981—700.

tends, however, that this undeclared income was wholly offset by unclaimed deductions which took the form of "rebates" to his customers.

The IRS investigated these alleged deductible expenses by interviewing a number of Zack's customers. Initially, most of the customers denied having received "rebates;" later, when questioned again in Zack's presence, the same customers tended to corroborate Zack's version of the "facts."

In determining the amount of Zack's tax deficiency, the Commissioner charged him with the unreported portions of the loan proceeds. However, in view of the highly suspect nature of the customers' "testimony," the Commissioner refused to credit Zack with the alleged corresponding deductions.

The Tax Court accepted the Commissioner's calculation of deficiencies and held that the government had succeeded in proving fraud on Zack's part.

On appeal, Zack argues that in this *fraud* case the burden was on the Commissioner to show that Zack had not in fact rebated a portion of the loan proceeds to his customers. Under this theory, the Commissioner's failure to do so entitles Zack to credit for the rebate deductions. We disagree.

Zack confuses two distinct burden of proof requirements. He asserts, correctly, that the Commissioner bears the burden of proof on the issue of *fraud*. The Commissioner must produce "clear and convincing" evidence of the taxpayer's fraudulent intent. 26 U.S.C. § 7454(a). However, Zack is incorrect in his apparent assumption that the Commissioner must also prove the accuracy of his deficiency assessment. On the contrary, the Commissioner's determination of tax liability is presumptively correct; the taxpayer bears the burden of demonstrating error in the calculation. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935); *Coomes v. Commissioner*, 572 F.2d 554 (6th Cir. 1978). This presumption of accuracy does not change merely because the case requires a subsidiary inquiry into the question of fraud. *Drieborg v. Commissioner*, 225 F.2d 216, 218 (6th Cir. 1955).

In our opinion, the present case should be analyzed as follows: first, in his effort to collect back taxes from Zack, the Commissioner produced a deficiency calculation. Zack failed to overcome the presumption that this assessment was accurate. At this point, Zack owed the government back taxes in an amount determined without reference to the section 6653(b) fraud penalty. Second, in order to obtain a fraud penalty in addition to back taxes, the government assumed the burden of demonstrating that Zack acted with fraudulent intent when he misstated his income for the years in question. That the Commissioner succeeded in sustaining its burden is beyond peradventure; Zack's course of conduct was replete with "badges of fraud." *Id.* at 219.

Zack's other arguments, pertaining to the statute of limitations and certain evidentiary rulings below, are equally without merit.

The judgment of the Tax Court is affirmed.