762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALPHONSE LEWIS, JR., PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 83-1822
 United States Court of Appeals, Sixth Circuit.
 3/20/85
 
 ON APPEAL FROM THE UNITED STATES TAX COURT
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Pro se petitioner, Alphonse Lewis, Jr., appeals from a decision of the Tax Court assessing a deficiency in 1973 taxes and imposing a civil fraud penalty pursuant to 26 U.S.C. Sec. 6653(b). Lewis is an attorney who lived and practiced law in Grand Rapids, Michigan prior to and during 1973. During 1973 he received income from his law practice and rent from Kent County Community Action Program (Kent CAP), lessee of the Lewis Hotel. The Tax Court found that Lewis was required to report $7,500 as his income from rent during 1973 and that he had not done so. Lewis maintains that he did include rent from the hotel in his income, reported it, and paid all taxes due. We hold that the Tax Court's findings were not clearly erroneous, and affirm.
 
 
 2
 The Tax Court found that Lewis and his two sisters acquired what became known as the Lewis Hotel in 1961. Under a subsequent arrangement, Lewis managed the hotel and became responsible for reporting and paying income taxes on income from the hotel. He also was to sent to his sisters any rental income in excess of expenses as repayment of loans which his sisters had made to him before the Lewis Hotel was purchased. In 1969, Lewis negotiated a lease of the hotel to Kent CAP. He appeared as lessor on the original lease and on subsequent annual renewals through 1973. Until October 1973, all rent checks were made payable to and were negotiated by Lewis.
 
 
 3
 Lewis's compliance with federal tax laws was uneven. He filed a return for 1965 during September 1969, and in 1972 placed nolo contendre to the charge that his failure to file was willful. Lewis did not file tax returns for 1966, 1967, 1968, 1969, 1970, or 1972. As a result, Lewis was frequently in contact with Internal Revenue Service Agents, who attempted to determine and collect taxes from him.
 
 
 4
 In September 1973, the Internal Revenue Service levied upon the October rent due to Lewis from Kent CAP on the hotel lease. The October rent was paid to Lewis care of the Internal Revenue Service, to be applied against his tax arrears. On October 25, 1973, Lewis met with a Kent CAP representative and an Internal Revenue Service collection agent. At that time, Lewis refused to answer questions concerning ownership of the hotel. On October 31, 1973, Lewis wrote Kent CAP that '[t]he owners of the building have instructed me to have you make out the check for the rent to them instead of me as attorney.' On November 29, 1973, Kent CAP paid to Lewis's sisters $1250, which appears to represent November and December rent on the hotel.
 
 
 5
 On December 1, 1973, Kent CAP executed a lease for the 1974 rental of the hotel, which it had negotiated with Lewis. The lease only listed his sisters as the hotel's owners. Kent CAP sought and received indemnification by Lewis and his sisters against any liability arising from any subsequent Internal Revenue Service levies and claims that Lewis was the owner of the Lewis Hotel and was entitled to receive the rents therefrom.
 
 
 6
 The Commissioner assessed a deficiency of $7,500 in Lewis's 1973 tax return. This determination is presumptively correct; the taxpayer bears the burden of demonstrating error in the Commissioner's calculation. Zack v. Commissioner, 692 F.2d 28, 29 (6th Cir. 1982) (Order), cert. denied, 460 U.S. 1084 (1983). The presumption in favor of the Commissioner is not reduced because the case requires a subsidiary examination of the taxpayer's alleged fraud. Id.
 
 
 7
 Lewis prepared his own 1973 income tax return, to which he attached one Schedule C listing gross receipts of $25,872 and net income of $8,867.32. This Schedule C lists the practice of law as Lewis's primary business and does not in any manner reflect rental income from the Lewis Hotel. Yet, his returns for the only two prior tax years for which Lewis paid taxes include independent Schedules C which record the receipts and expenses associated with the Lewis Hotel. Lewis's claims that he reported the rental income derived from the hotel during 1973, but that the hotel generated no expenses, are not credible.
 
 
 8
 Lewis essentially asks this Court to accept his testimony, and the testimony of an expert who testified on his behalf at a criminal proceeding for failure to pay 1973 taxes, despite the Tax Court's finding that Lewis's testimony was self-serving, vague, and uncorroborated. The Tax Court also found that his 1973 financial records were incomplete. The expert witness's testimony was not sufficiently persuasive in this civil context to overcome the presumption which supports the Commissioner's determination, particularly because that testimony was based upon an examination of incomplete records. It is the Tax Court's responsibility to weigh the credibility of witnesses. Estate of Gryder v. Commissioner, 705 F.2d 336, 338 (8th Cir.), cert. denied, 104 S.Ct. 525 (1983). The testimony of an expert witness is to be weighed along with all other relevant evidence. South Texas Rice Warehouse Co. v. Commissioner, 366 F.2d 890, 898 (5th Cir. 1966), cert. denied, 386 U.S. 1016 (1967). Lewis provides this Court with no basis on the record for forming a firm conviction that the Tax Court's determination was clearly erroneous. Constantino v. Commissioner, 445 F.2d 405, 407 n.5 (3d Cir. 1971).
 
 
 9
 Where underpayment of tax is due to fraud, 26 U.S.C. Sec. 6653(b) authorizes imposition of a civil penalty amounting to fifty percent of the underpayment. The Commissioner bears the burden of proving fraud by 'clear and convincing' evidence. Zack, 692 F.2d at 29. Because direct evidence of fraud is rarely available, the Commissioner may satisfy this burden through circumstantial evidence. Grudin v. Commissioner, 536 F.2d 295, 296 (9th Cir. 1976) (per curiam).
 
 
 10
 Numerous recognized indicia or 'badges' of fraud can provide grounds for a finding of fraud. Here, the following indicia amply support the Tax Court's finding that Lewis fraudulently failed to report rental income from the Lewis Hotel. Lewis failed to file income tax returns for numerous years. See, e.g., Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984) (per curiam). He failed to keep adequate financial records, see, e.g., id. at 1461; Estate of Upshaw v. Commissioner, 416 F.2d 737, 741 (7th Cir. 1969), cert. denied, 397 U.S. 962 (1970), and refused to provide the government with access to what records he did have, see, e.g., Solomon, 732 F.2d at 1461; Estate of Granat v. Commissioner, 298 F.2d 397, 398 (2d Cir. 1962); Millikin v. Commissioner, 298 F.2d 830, 836 (4th Cir. 1962). Lewis was professionally experienced in the law, and was knowledgeable concerning tax law in particular. See, e.g., Solomon, 732 F.2d at 1461; O'Connor v. Commissioner, 412 F.2d 304, 310 (2d Cir. 1969), cert. denied, 397 U.S. 921 (1970). Finally, Lewis attempted to conceal funds from the Internal Revenue service by diverting the Lewis Hotel rental payments from himself to his sisters. See, e.g., Solomon, 732 F.2d at 1462; Henry v. Commissioner, 362 F.2d 640, 643 (5th Cir. 1966); Sunbrock v. Commissioner, 48 T.C. 55, 65 (1967). Lewis provides no direct evidence to demonstrate his lack of fraudulent intent. The Tax Court's finding of fraud was not clearly erroneous.
 
 
 11
 Because Lewis has failed to demonstrate error in the Tax Court's determinations, we AFFIRM.