ROY H. WALTERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walters v. Commissioner
Docket No. 4110-87
United States Tax Court
T.C. Memo 1988-530; 1988 Tax Ct. Memo LEXIS 559; 56 T.C.M. (CCH) 664; T.C.M. (RIA) 88530; November 15, 1988
Roy H. Walters, pro se. Kathleen L. Midian, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court on respondent's Motion For Summary Judgment And Imposition Of Damages Under I.R.C. Section 6673, [1] filed December 18, 1987, and heard February 9, 1988 in Cleveland, Ohio. In his timely statutory notice dated January 7, 1987, [2] respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Year
Deficiency
1981
$  8,736.00
1982
15,612.00
Additions to Tax, I.R.C. Sections
Year
6653(b)
6653(b)(1)
6653(b)(2)
6654(a)
6661(a) [3]
1981
$ 4,368.00
--
--
$   612.46
--
1982
-- $ 7,806.00
*
1,519.95
$ 3,903.00
*561 *562 The above deficiencies and additions result from respondent's underlying determination that petitioner failed to report wage and other income in the amount of $ 28,983.81 for 1981 and $ 44,771.51 for 1982. Petitioner resided in Toledo, Ohio at the time he filed the petition in this case. The petition contested respondent's determination primarily by raising various generic "tax protestor" constitutional claims, but did not allege any specific facts to support such claims. [4]
*563 Respondent, with leave of Court, lodged his Answer on July 31, 1987 and filed his Amendment To Answer on May 21, 1987. [5] In his Answer, respondent denied the material allegations of fact and error contained in the petition. In his Amendment To Answer, respondent made certain affirmative allegations of fact which, if true, would conclusively determine petitioner's liability for the deficiencies and additions determined by respondent. Petitioner failed to reply to respondent's Answer or Amendment To Answer as required by Rule 37(a). On October 1, 19887, respondent *564 filed with leave of Court Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, asking that we deem admitted pursuant to Rule 37(c) the undenied affirmative allegations contained in his Amendment To Answer. [6] On October 1, 1987, the Court served petitioner with notice of respondent's motion. The notice informed petitioner that if he replied to respondent's Answer on or before October 22, 1987, as required by Rules 37(a) and (b), the court would deny respondent's motion. The notice also advised petitioner that if he did not reply as directed, the Court would grant respondent's motion and deem admitted the affirmative allegations set forth in respondent's Answer. Petitioner still did not reply to respondent's Answer or Amendment to Answer, or respond in any fashion to respondent's motion. On November 10, 1987, the court granted respondent's motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's Amendment To Answer. *565 Respondent subsequently moved for summary judgment and the imposition of damages, which he had previously sought in his Amendment to Answer. Based on the record, including the facts deemed admitted, we must decide whether petitioner is liable for the deficiencies and additions to tax determined by respondent. We must also decide whether the imposition of damages is appropriate. Summary Judgment
This Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 1212(b). See Naftel v. Commissioner,85 T.C. 527, 529 (1985); Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact. Naftel v. Commissioner, supra at 529; *566 Espinoza v. Commissioner, supra at 416. The moving party also bears the burden of proving that it should prevail on the substantive questions at issue as a matter of law. Rule 121(b). The Court will view factual material and inferences drawn there from in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioners, supra at 344. Respondent contends that, in light of the facts deemed admitted pursuant to Rule 37(c), there is no genuine issue of material fact and he is entitled to judgment as a matter of law. We agree. As a threshold matter, we emphasize that petitioner has had ample opportunity to respond to the affirmative allegations contained in respondent's Amendment to Answer and has chosen not to do so. Petitioner was also specifically warned that the Court would deem such allegations admitted in the event petitioner failed to reply to respondent's Motion for entry of Order That Undenied Allegations in Answer be Deemed Admitted. Furthermore, petitioner has not asked the Court to vacate its order deeming such affirmative allegations in *567 the amended answer admitted. [7]
With regard to the tax deficiencies determined by respondent, the additions to tax for failure to pay estimated tax under section 6654(a), and the addition to tax for underpayment attributable to substantial understatement of income tax under section 6661(a), respondent's determinations are presumptively correct and petitioner bears the burden of proving otherwise. Rule 142(a); Castilo v. Commissioner,84 T.C. 504, 408 (1985). Based on the facts which petitioner has been deemed to have admitted, petitioner has not met his burden of proof. See Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 3343 (1981); Gromnicki v. Commissioner,T.C. Memo. 1988-358. *568 Accordingly, we grant respondent summary judgment with respect to such deficiencies and additions. With regard to the additions to tax for fraud under section 6653(b) for the year 1981, and under sections 6653(b)(1) and 6653(b)(2) for the year 19982, respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Zack v. Commissioner,692 F.2d 28, 29 (6th Cir. 1982), affg. a Memorandum Opinion of this Court, [8] cert. denied 460 U.S. 1084 (1983); Castillo v. Commissioner, supra at 408. Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to the taxpayer's fraudulent intent. Stoltzfus v. United States, 3988 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), *569 affg. a Memorandum Opinion of this court; [9]Rowlee v. commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon review of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be proved by circumstantial evidence, e.g., Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). To satisfy his burden of proving fraud, respondent relies on the deemed admissions of petitioner. This is an appropriate procedure under the rules of this court, Gilday v. Commissioner,62 T.C. 260 (1974), and we may grant respondent summary judgment if the facts deemed admitted *570 under Rule 37(c) clearly and convincingly establish an underpayment of tax, some part of which in each of the subject years is due to fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, supra at 336-338; Gilday v. Commissioner, supra at 262-263. The undenied allegations of fact contained in respondent's Amendment to Answer, and constructively admitted by petitioner under Rule 37(c), clearly establish that: (1) petitioner derived unreported taxable wage and other income in the taxable years 1981 and 1982, and as determined by respondent, for which petitioner received appropriate Forms W-2 from his employer; (2) petitioner was required to file Federal income tax returns for 1981 and 1982, but filed an inadequate "tax protestor" return for 1981 and failed to file any return for 1982; (3) petitioner had previously filed valid Federal income tax returns for 1979 and 1980, and therefore knew of his obligation to file such returns for 1981 and 1982; (4) petitioner improperly reduced and prevented the withholding of his Federal income tax by, among other things, filing nine false Forms W-4 over a three-year period commencing *571 in June of 1981; and (5) petitioner failed to cooperate with respondent's representatives in the determination of his proper income and corresponding tax liability. A pattern of failing to file income tax returns especially after having filed such returns in the past, or of filing inadequate "tax protestor" returns, is circumstantial evidence of fraud. Zell v. Commissioner,763 F.2d 1139, 1145-1146 (10th Cir. 1985), affg. a Memorandum Opinion of this Court; [10]Castillo v. Commissioner, supra at 409. While such evidence, standing alone, does not establish fraud, Kotmair v. Commissioner,86 T.C. 1253, 1260-1261 (1986), the filing of false Forms W-4 to prevent the withholding of tax is also an indication of fraud. Wedvik v. Commissioner,87 T.C. 1458, 1470 (1986); Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). Petitioner's refusal to cooperate with respondent's effort to determine his correct tax liability, in the context of this record, is a further indication of fraud. Stringer v. Commissioner,84 T.C. 693, 715 (1985), *572 affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Rowlee v. Commissioner, supra at 1125; Grosshandler v. Commissioner,75 T.C. 1, 20 (1980). Moreover, petitioner admitted under Rule 37(c) respondent's allegation that his "failure to file federal income tax returns and to report his correct taxable income for the taxable years 1981 and 1982 was due to fraud with the intent to evade tax." Petitioner also admitted that his "failure to pay his income tax liabilities for the years 1982 and 1982 was due to fraud with the intent to evade tax," and that "a part of the underpayment of tax which the petitioner was required to show on each of his federal income tax returns for the taxable years 1981 and 1982 was due to fraud." These undenied conclusory allegations are consistent with, and supported by, the undenied specific allegations of fact contained in respondent's Amendment to Answer, and their deemed admission is sufficient to establish fraud. compare Doncaster v. Commissioner, supra at 337, with Dahlstrom v. Commissioner,85 T.C. 812, 820-822 (1985). *573 We have reviewed the record, including the petition, and find not a single specific factual allegation made by petitioner to controvert the undenied specific allegations in respondent's Amendment to Answer. Based upon the record as a whole, we believe that there is clear and convincing evidence that the deficiencies for each of the years at issue are, at least in part, due to fraud. See, e.g., Granado v. Commissioner,792 F.2d 91, 92 (7th Cir. 1986), affg. a Memorandum Opinion of this Court, [11] cert. denied 480 U.S. 920 (1987); Solomon v. Commissioner,732 F.2d 1459, 1461-1462 (6th Cir. 1984), affg. per curiam a Memorandum Opinion of this court, [12]Wedvik v. Commissioner, supra at 1470; Stephenson v. Commissioner, supra at 1007; Castillo v. Commissioner, supra at 408-410; Hebrank v. Commissioner,81 T.C. 640, 642-643 (1983); Rowlee v. Commissioner, supra at 1123-1126; Habersham-Bey v. Commissioner, supra at 313-314. *574 We therefore grant respondent summary judgment with respect to the additions to tax for fraud. Award of Damages
We next consider respondent's request for the imposition of damages against petitioner pursuant to section 6673. Section 6673 authorizes this Court to award damages not in excess of $ 5,000 to the United States if (1) petitioner has instituted or maintained proceedings before this Court primarily for delay, (2) petitioner's position therein is frivolous or groundless, or (3) petitioner unreasonably failed to pursue available administrative remedies. While petitioner's exercise of his right to challenge respondent's determination in good faith and with a colorable claim cannot be a basis for imposing damages under section 6673, there is no constitutional right to bring a frivolous suit contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner,791 F.2d 68, 71-71 (7th Cir. 1986), affg. an unreported order of this Court. See also Bill H Johnson's Restaurants, Inc. v. NLRB461 U.S. 731, 743 (1983); *575 Hatfield v. Commissioner,68 T.C. 895, 899 (1977). Although we are normally reluctant to award damages in fraud cases, the record in this case establishes that petitioner has had no interest in disputing the merits of either the underlying deficiencies or the additions to tax determined by respondent. Petitioner's contentions in support of his nonpayment of Federal income tax comprise the usual stale litany of meritless "tax protester" assertions of which this Court has long grown weary. In particular, we note that several of petitioner's contentions devolve upon alleged violation of his Fifth Amendment rights. Under Rule 37(c), petitioner admitted his position is that "his Fifth amendment privilege against self incrimination is violated by requiring him to file federal income tax returns . . . [and] to furnish tax return documentation and information to the Internal Revenue Service." Respondent attached to his statutory notice a statement, supported by appropriate case citations, informing petitioner that this Court and others have consistently found such claims of *576 Fifth Amendment privilege in relation to the determination of civil tax liability to be meritless in cases where the possibility of criminal prosecution is unlikely or remote. United States v. Sullivan,274 U.S. 259, 263 (1927); Wilkinson v. Commissioner,71 T.C. 633, 637 (1979); Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 838 (1974); Hosking v. Commissioner,62 T.C. 635, 639 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), affd. by unreported order (9th Cir., March 14, 1973). Respondent's notice specifically cited Wilkinson v. Commissioner, supra, in which we rejected a taxpayer's Fifth Amendment claim and imposed damages. Despite respondent's ample warning, petitioner persisted in asserting this claim in his petition. Respondent's Amendment to Answer noted this fact again, sought damages, and placed petitioner on notice as to the possible consequences of continued pursuit of this long-rejected argument. Petitioner, however *577 has not attempted to show he legitimately anticipated future criminal prosecution. With knowledge that his Fifth Amendment claim was groundless and frivolous, petitioner nevertheless maintained this proceeding. Petitioner's other tax protestor arguments have been repeatedly rejected by the courts, and do not merit discussion here. Moreover, petitioner's conduct indicates he used this proceeding as a dilatory tactic. After filing his tax protestor petition, petitioner did nothing further to prosecute his suit or to communicate with this Court. He did not replay to respondent's Answer, Amendment To Answer, Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, or Motion For Summary Judgment And Imposition Of Damages Under I.R.C. Section 6673. At the hearing on Respondent's Motion For Summary Judgment and Imposition of Damages Under I.R.C. Section 6673, petitioner acknowledged he had received these documents but thought he would just "wait and see what happened here." Furthermore, petitioner made no substantive arguments during the fearing to contest respondent's motion or his tax liability. Petitioner *578 also admitted under Rule 37(c) that he "instituted and is maintaining this proceeding primarily for delay" and "with knowledge that this proceeding is frivolous and groundless . . . willfully instituted and is maintaining this suit." This conclusory admission is consistent with both the record and the specific facts deemed admitted. Review of the record convinces us that petitioner instituted and maintained this proceeding primarily for delay, and that he rested his principal position herein upon frivolous, groundless claims repudiated on numerous occasions by our prior decisions. Accordingly, we grant respondent's motion and award damages to the United States in the Mount of $ 5,000.00. To reflect the foregoing, An appropriate order and decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. By separate statutory notice dated November 14, 1986, respondent also determined a deficiency in, and additions to, petitioner's 1984 Federal income tax. The 1984 tax year, however, is not at issue here. Petitioner filed a single petition in this case on February 17, 1987 to contest both statutory notices. Because the 90 day period for filing a petition to contest the November 14, 1986 statutory notice expired on Thursday, February 12, 1987, which date was not a legal holiday in the District of Columbia, and the petition bore a February 13, 1987 postmark, the petition was untimely with respect to petitioner's 1984 taxable year. By order entered July 13, 1987, we dismissed the petition with respect to petitioner's 1984 taxable year for lack of jurisdiction, leaving his 1981 and 1982 taxable years at issue. Respondent's Motion for Summary Judgment and Imposition of Damages Under I.R.C. Section 6673↩ represents that respondent also filed Motion To Dismiss for Lack of Jurisdiction With Respect To Petitioner's 1981 and 1982 Taxable Years, due to petitioner's failure to file a valid petition, and that such motion to dismiss is presently before the Court. The Court's records contain no such motion or other indication that such motion was filed. 3. Section 8002, Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1874, 1951, increased the section 6661 addition to tax to 25 percent for returns due after December 31, 1982, effective for such additions assessed after October 21, 1986. The 25-percent rate therefore applies to petitioner. See Pallotini v. Commissioner,90 T.C. 498↩ (1988).
*. 50% of the statutory interest on $ 15,612.00, computed from April 15, 1983 to the earlier of the date of assessment or the date of payment. ↩
4. The petition alleged that: (1) respondent "erred by computing Petitioner's alleged income tax liability based upon Petitioner;s alleged 'gross income' less a $ 1,000 personal exemption;" (2) respondent erred by "arbitrarily understating deductions . . . overstating taxes . . . [and] computing penalties;" (3) respondent "abridged petitioner's constitutional rights" and denied him "due process of law as required under the fifth Amendment;" (4) respondent's determination contravenes sections 1 and 63, which require the imposition of income tax "upon an individual's 'taxable income,' and not upon his 'gross receipts;'" (5) petitioner has "evidence to prove additional deductions than those allowed" by respondent; (6) respondent's "tax computation method . . . is based upon excessive taxable income and overstates Petitioner's tax liability;" (7) respondent "failed to state a basis for asserting penalties . . . [because] there has been no disregard for rules and regulation . . . [and] no fraud [because] Petitioner submitted all information required . . . [and] filed tax returns in good faith;" (8) "petitioner has been penalized, coerced and compelled in an unconstitutional manner to provide information that is not required by law because . . . Petitioner has not been granted immunity [and] . . . Petitioner has not been informed the statute of limitations has run on the use of his testimony against him;" (9) "no summons has been issued to [petitioner] to allow for a determination whether certain information is subject to Fourth and Fifth Amendment rights;" (10) the Seventh Amendment↩ guarantees petitioner a jury trial; (11) "the Constitution guarantees a Republican form of government, which means the people, not the government retain sovereignty;" (12) petitioner was denied due process because "there is no alternative to pay the tax and sue for refund, because the tax in the Notice of Deficiency is excessive and Petitioner does not have enough money to pursue that alternative;" (13) respondent has denied petitioner "the right to hire a tax accountant to represent him, . . . competent affordable representation and therefore due process;" and (14) respondent has denied petitioner due process because "by structuring the proceedings in favor of the government, with the presumption of correctness, the government creates a situation where expertise is necessary to carry Petitioner's burden of proof and such expertise is not available."
5. This sequence of pleadings requires explanation. Respondent purportedly mailed his Answer to the Court in a timely fashion on April 17, 1987, and served petitioner with a copy. On May 21, 1987, respondent timely filed amendment To Answer with the Court. By order dated June 12, 1987, the Court informed respondent that the Court's records did not reflect the filing of his Answer, and directed him to lodge an answer, together with a motion for leave to file answer out of time. Respondent filed such motion and lodged his Answer on July 31, 1987. The Court granted his motion and filed the Answer on August 26, 1987.↩
6. Respondent lodged Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted on September 21, 1987, and simultaneously filed Motion For Leave To File Motion Out Of Time. The time period for filling the former motion had expired while respondent awaited the Court's ruling on his Motion For Leave To File Answer Out of Time. Given these circumstances, the Court granted his Motion For Leave To File Motion Out Of Time on October 1, 1987, and Motion For Entry Of Order that Undenied Allegations In Answer Be Deemed Admitted on November 10, 1987.↩
7. Although he had not previously raised the issue, petitioner made reference during the hearing on respondent's motion to being under the influence of alcohol during the tax years in question. Petitioner made no effort to substantiate such claim and did not pursue it. Accordingly, we do not consider that claim here.↩
8. Zack v. Commissioner,T.C. Memo. 1981-700↩. 9. Webb v. Commissioner,T.C. Memo. 1966-81↩.
10. Zell v. Commissioner,T.C. Memo. 1984-152↩.
11. Granado v. Commissioner,T.C. Memo. 1985-237↩. 12. Solomon v. Commissioner,T.C. Memo. 1982-603↩.