**Kazimir C. and Anna M. BAHORIC, Anna M. Bahoric, and Kazimir C. Bahoric, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 19447–19449.**

United States Court of Appeals Ninth Circuit.

June 28, 1966.

---

Bruce I. Hochman, of Hochman & Salkin, Beverly Hills, Cal., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Dept. of Justice, Washington, D. C., Sheldon S. Cohen, Chief Counsel, Michael Mulroney, I. R. S., Washington, D. C., for respondent.

Before CHAMBERS, BARNES and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge.

The Bahorics have been caught on an Internal Revenue net-worth escalator where the Commissioner of Internal Revenue has assessed them additional income taxes, interest and fraud penalties.

According to the Internal Revenue projections, the Bahorics' opening net worth at the end of the year 1938 starts with $3,700.35 and progresses with annual gains of net worth, some years small but often substantial, until at the end of 1957 their net worth on a cost basis was $369,535.64. In the computations, the Bahorics (the taxpayers) and the Commissioner reached an agreement as to the couple's living expenses for each year 1939 to 1957 inclusive. For these, an allowance was made.

Eventually the Commissioner came up with a table for the Bahorics as follows:

| Year | Net Income Reported | Correct Net Income | Understated Net Income |
|---|---|---|---|
| 1939 | $ 1,248.74 | $ 4,409.40 | $ 3,160.66 |
| 1941 | 1,500.07 | 5,771.41 | 4,271.34 |
| 1943 | 3,870.59 | 12,239.31 | 8,368.72 |
| 1944 | 2,873.42 | 8,461.64 | 6,088.22 |
| 1945 | 2,851.49 | 10,559.36 | 8,207.87 |
| 1946 | 712.19 | 6,058.49 | 5,346.30 |
| 1947 | 3,426.14 | 24,221.68 | 20,795.54 |
| 1948 | 445.36 | 27,684.15 | 27,238.79 |
| 1949 | 2,956.76 | 27,440.91 | 24,484.15 |
| 1950 | ( 670.64) | 20,887.95 | 21,558.59 |
| 1951 | 128.91 | 23,272.31 | 23,143.40 |
| 1952 | 1,509.97 | 81,122.53 | 79,612.56 |
| 1953 | (22,027.71) | 50,778.29 | 72,806.00 |
| 1954 | (16,041.63) | 22,857.82 | 38,899.45 |
| 1955 | ( 6,834.42) | 41,825.27 | 48,659.69 |
| 1956 | ( 1,735.61) | 35,641.74 | 37,377.35 |
| 1957 | 13,079.69 | 23,933.94 | 10,854.25 |
| | $(13,706.68) | $427,166.20 | $440,872.88 |

Note: The taxpayers filed separate returns for the year 1947. The 1947 figure above represents the totals for the two returns. In all other years, the taxpayers filed a joint return.

The Commissioner asserted, because of fraud, there was no statute of limitations. Included in his assessment were 50% fraud penalties. Without adding up the annual deficiencies, we can say that if the taxpayers still have their net worth (exclusive of taxes here involved) which they apparently had in 1958, they will not have very much wealth left after the Commissioner's taxes, interest and penalties are collected. Such are the rigors of our federal income tax laws for the transgressor.

After the Commissioner asserted the deficiencies against the Bahorics, California taxpayers, all of whose property and income was of the state's community type, sought a redetermination in the tax court. After a hearing, that court found fraud on each of the years for which deficiencies had been assessed, which were all of the years from 1939 to 1957, inclusive, except 1940 and 1942. Thus, no statute of limitations was applicable and the deficiencies were subject to the 50% fraud penalties.[1]

While there were minor adjustments found to be required, the tax court sustained the Commissioner almost completely. Now the taxpayers seek review here. We affirm the decision of the tax court.

Taxpayers admit that they can't do much in the way of attacking the Commissioner's net worth computations, but they fiercely attack the findings of fraud, which, if successful, would strike down the fraud penalties and make the statute of limitations applicable.

■■ In the tax court, the burden of proving fraud was on the Commissioner. We do not find that court's finding that there was fraud clearly erroneous.

Bahoric was born in Yugoslavia in 1906 and came with his father to the United States in 1924. Of his industry, there is no question. Soon after arrival he started a career in tailor shops and as a worker in dry cleaning plants. When he started his own cleaning shop in Bakersfield in 1937, in the aggregate for thirteen years his employment in the United States had earned him hardly $25,000. It is emphasized in his behalf that he had only a sixth grade education in Yugoslavia.

Bahoric testified in the tax court, and on his testimony alone the tax court's finding of fraud is easily sustainable.

■ He really made no attempt to attack the Commissioner's computations of income. But he did tell a story of coming to Bakersfield with six or seven thousand dollars. But then he went on to tell a story that when he came to Bakersfield he left about $50,000 with his sister in Chicago and that later he obtained it from her and brought it to California.[2] Even if true, the $50,000 could not have accounted for too much of his ultimate net worth. But the ridiculousness of such an alibi in the situation here could very properly entitle a trier of the facts to conclude that cheating on his income tax was his motivation over the years. It is obvious that most of the unreported income necessarily was represented by unreported gross receipts from the cleaning business. (First it was one shop, later two.) The partially unreported income from his savings accounts and unreported real estate income (if innocently omitted) in his case could not have accounted for the increases in net worth.[3] Further, the trier of fact, once concluding that the income was unreported, could be impressed by the fact that the Bahorics had become well trained in deducting business expenses and therefore ignorance could hardly account for one

---

1. The three-year statute on deficiencies had not run for the years 1955, 1956 and 1957.

2. At trial time, apparently the sister was still alive. Notwithstanding the huge amount at stake for him, her absence as a witness is unexplained.

3. If some fraud for a year is found in one year, this supports a fraud penalty for the whole of the unreported income for that year. See Internal Revenue Code of 1954, § 6653(b) ; Lydon v. Commissioner of Internal Revenue, 7 Cir., 351 F.2d 539 ; and Lowy v. Commissioner of Internal Revenue, 2 Cir., 288 F.2d 517.

not reporting all of one's cleaning business income.

In saying here that some flagrantly false testimony could lead to more than disbelief of the testimony and set up some affirmative inferences, we do not mean to say that merely swearing to something false always permits the establishment, without more, of the opponent's case. The inferences in the whole setting must be reasonable.

■ Petitioners say that fraud must be established for each year where fraud is asserted.[4] That is true. But still, a pattern of conduct over a course can be applied to its segments.

In his opinion, the tax court judge first emphasizes consistent understatement of income. On that point, he concludes:

> "The only explanation for these understatements offered by petitioners is that they were too ignorant to realize that the records given to their accountant did not accurately reflect their income. We find this explanation singularly unbelievable. Both petitioners helped operate the business, Anna kept the books and records of the operation and both made bank deposits. It is unlikely that either petitioner was unaware of the income unreported or of their duty to report it."

In the whole context here, consistent understatement was enough for a fraud finding.

Then, in addition, the judge thought important:

1. The failure to keep and supply adequate records.

2. The failure to report specific items of rent and interest for certain (not all) years.

3. The presence of large deposits of cash and some rather fuzzy trust accounts in certain years.

The tax court judge did note that Kazimir Bahoric pleaded guilty to a charge of tax evasion for the year 1954. But he carefully noted that he buttressed his findings only for the year 1954 with that fact.

The attack of petitioners' counsel (able though it is) is made by compartmentalizing the elements and going to work on each singly. But in the end, they must all be brought together. Treating the facts as a bundle, we find nothing clearly erroneous about the tax court's decision, awful as its consequences are to petitioners.[5]

Decision affirmed.

---

4. Drieborg v. Commissioner of Internal Revenue, 6 Cir., 225 F.2d 216.

5. Cf. Sherwin v. United States, 9 Cir., 320 F.2d 137, and Furnish v. Commissioner of Internal Revenue, 9 Cir., 262 F.2d 727. The "other circumstances" in addition to

understatement were present in the case of the Bahorics.

