CHRIS PETTI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petti v. Commissioner
Docket No. 13861-86
United States Tax Court
T.C. Memo 1992-607; 1992 Tax Ct. Memo LEXIS 634; 64 T.C.M. (CCH) 1071; October 13, 1992, Filed *634 Decision will be entered for respondent as to the amounts of the deficiencies and fraud additions to tax. For Petitioner: Nicholas De Pento
For Respondent: Patrick E. McGinnis and Alice M. Harbutte SWIFT
SWIFT
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: This matter is before us on remand from the U.S. Court of Appeals for the Ninth Circuit for a decision with respect to the section 6653(b) [1] fraud additions to petitioner's Federal income taxes for 1980 and 1981. See Petti v. Commissioner, 947 F.2d 950 (9th Cir. 1991), affg. in part, revg. in part, and remanding without published opinion T.C. Memo. 1990-256. In our prior opinion in this case, on the basis of petitioner's failure to satisfy his burden of proof, we sustained respondent's determination of deficiencies in petitioner's Federal income taxes for 1980 ($ 4,268) and for 1981 ($ 10,095), and we also sustained respondent's determination of the negligence additions to tax. Respondent, however, was deemed to have waived the fraud additions to petitioner's Federal income taxes for 1980 and 1981 based upon respondent's failure to make arguments *635 supporting such additions in her reply brief. The Ninth Circuit reversed our holding only with respect to respondent's waiver of the fraud additions and remanded the case for a decision with respect to petitioner's liability for the fraud additions to tax. FINDINGS OF FACT In 1980 and 1981, petitioner and others were involved in an illegal gambling and bookmaking operation which generated significant income in 1980 and 1981. The gambling operation was conducted on a cash basis. Participants in the gambling operation destroyed their books and records on a weekly basis and used code names to conceal their identities. As a result of an FBI investigation and in connection with the illegal gambling operation, petitioner was charged with and convicted of various crimes including violation of 18 U.S.C. sec. 1955 (1982) (Prohibition of Illegal Gambling Businesses). The credible evidence in this case (including wiretapped conversations and certain grand jury testimony) establishes that the net income of the gambling operation in which petitioner was involved was at least $ 80,000 in 1980 and $ 123,000 in 1981, and the petitioner's share of the net income of *636 the gambling operation in 1980 and 1981 was $ 15,000 and $ 23,062, respectively. This finding is corroborated by a source and application of funds analysis of petitioner's income for each of the years in issue and by deposits into petitioner's bank accounts. For 1980 and 1981, petitioner and his wife filed joint Federal income tax returns and reported thereon total income of $18,293 and $43,398, respectively, from wages, Schedule C profits, interest, and a 1981 pension or annuity payment. Petitioner did not report on those 1980 and 1981 Federal income tax returns any of the income he received from the illegal gambling operation. OPINION As applicable to 1980 and 1981, section 6653(b) provides for an addition to tax "if any part of any underpayment * * * is due to fraud". The fraud addition to tax under section 6653(b) is equal to 50 percent of the underpayment. Respondent bears the burden of establishing fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). See also Bahoric v. Commissioner, 363 F.2d 151, 153 (9th Cir. 1966), affg. T.C. Memo. 1963-333. Fraud is a question of fact to be determined upon *637 consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Respondent must prove both that an underpayment of tax exists and that the taxpayer intended to evade paying the correct tax liability. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). Respondent may prove fraudulent intent of the taxpayer through circumstantial evidence because direct proof pertaining to a taxpayer's intent is seldom available. Rowlee v. Commissioner, 80 T.C. 1111, 1123, (1983). Fraudulent intent may be inferred from the taxpayer's entire course of conduct. Spies v. United States, 317 U.S. 492, 499 (1943). Some of the evidence that typically supports a finding of fraudulent intent includes the following "badges of fraud": Understatements of income, the destruction of records, participation in illegal activity, the concealment of activities and assets, and the use of cash. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), *638 affg. T.C. Memo. 1984-601; Lollis v. United States, 595 F.2d 1189 (9th Cir. 1979), affg. T.C. Memo. 1976-15. The source and application of funds analysis used by respondent indirectly reconstructed petitioner's income and corroborated that petitioner had received unreported income. A taxpayer has taxable income to the extent expenditures for the year exceed known sources of income, unless the taxpayer can show that the expenditures were made from a nontaxable source of funds. DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The likely source of the unreported income was petitioner's involvement in the illegal gambling operation which generated substantial income during the years in issue. Petitioner questions some of the assumptions used in respondent's source and application of funds analysis. However, even if respondent's analysis was adjusted for the questioned assumptions, the balance of the unreported income would be unexplained. Petitioner failed to offer any explanation regarding the source of his unreported income or of the substantial deposits into *639 his bank account. Respondent has proven that a substantial amount of income was not reported on petitioner's Federal income tax returns for each year, and that there were substantial underpayments of tax for each of the years in issue. In this case, petitioner was engaged in an illegal activity that dealt in cash. Books and records maintained in the gambling operation were destroyed. Petitioner filed Federal income tax returns reporting income from various sources for 1980 and 1981. Petitioner, however, failed to report any of his income from the gambling operation. On the record before us, respondent has established by clear and convincing evidence that petitioner intentionally and fraudulently filed false Federal income tax returns for 1980 and 1981, that petitioner intentionally underreported thereon his correct taxable income, and that petitioner is liable for the additions to tax for fraud under section 6653(b) for 1980 and 1981. We so hold. In light of our holding on the fraud additions to tax, petitioner is not liable for the negligence additions to tax. Decision will be entered for respondent as to the amounts of the deficiencies and fraud additions to tax. *640 Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩