EUGEN GEHRAU AND ROSELYNE GEHRAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gehrau v. Commissioner
Docket No. 12561-92
United States Tax Court
T.C. Memo 1994-94; 1994 Tax Ct. Memo LEXIS 95; 67 T.C.M. (CCH) 2336; March 3, 1994, Filed *95 An appropriate order granting that part of respondent's motion that moves to enter a default against petitioners and dismiss this case and denying that part of respondent's motion that moves to impose a penalty under section 6673 and a decision for respondent will be entered. For respondent: Daniel J. Parent. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: This case is before the Court on respondent's motion under Rules 123(a) [1] and 104(c)(3) requesting an entry of default against petitioners and dismissal of their case on the merits. Respondent further moved that the Court require petitioners to pay a penalty to the United States pursuant to section 6673. Background
Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to Tax
Section Section
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
1984
$  6,097
$ 3,049
$   -- 1985
2,135
1,068
--  1986
10,006
--  7,505
*96 Additions to Tax
Section
Section Section
Year
6653(b)(1)(B)
6653(b)(2)
6661 1984
$   -- *
$ 1,524
1985
-- *
-- 1986 *
--
2,502
* 50 percent of the interest due on the portion of
the underpayment attributable to fraud. Respondent determined that
the entire underpayment for each of the years at issue was due to fraud.
Petitioners resided in San Rafael, California, at the time the petition was filed. On August 7, 1992, respondent filed an answer to the petition in which she denied all substantive allegations of fact and error and affirmatively alleged: 6. FURTHER ANSWERING the petition, and in support of the determination that all of the underpayments of tax required to be shown on petitioners' income tax returns for the taxable years 1984, 1985 and 1986 are due to fraud, the respondent alleges: (a) Petitioner Eugen Gehrau is a chiropractor. During 1984, 1985 and 1986, he operated a Schedule C business known as Gehrau Chiropractic Office. (b) During 1984, 1985 and 1986, petitioner Roselyne Gehrau was the office manager in Gehrau Chiropractic Office. She handled all bookkeeping matters, including entering transactions onto the "Day *97 Sheets," making bank deposits and writing checks to pay expenses. (c) Petitioners used a system of recordkeeping consisting of day sheets and customer ledger cards. The day sheets and ledger cards would show the customer charges and customer payments. The day sheet should show all office activity on a given day. The customer ledger should show all activity for a given customer. (d) The petitioners' principal place of business at which their books and records were maintained is located at 710 C Street, Suite 9, San RafaelCalifornia; said books and records were maintained, and their income tax returns filed for the years here involved, on [sic] cash method of accounting. (e) During 1984, 1985 and 1986, petitioners had a business bank account for Gehrau Chiropractor Office at New Horizons Bank, account number 001-0001349, and a business account at West America Bank used for clearing charge card payments by customers. (f) During 1984, 1985 and 1986, petitioners had the following personal bank accounts at New Horizons Bank: 001-001032, 001-001066, 001-001226, 001-001314 and 001-004694. (g) The income reported on the Schedule C reconciles with the deposits into the business bank *98 accounts. The business bank deposits reconcile to the income listed on the day sheets. (h) During the taxable years 1984, 1985 and 1986, the petitioners underreported receipts from Gehrau Chiropractic Office in the amounts of $ 28,713.00, $ 18,098.00 and $ 25,994.00, respectively, as follows: (1) Petitioners omitted income received from Eugen Gehrau's business, Gehrau Chiropractic Office, consisting of customer checks which were deposited in the following non-business accounts:
New Horizons
Account Number
1984
1985 1986 001-001032
$    529
$ 1,536
$  1,446
001-001066
1,104
354
715
001-001226
663
256
299
001-001314
10,438
4,828
5,707
001-004694
1,418
626
--
$ 14,152
$ 7,600
$ 8,167
(2) Petitioners failed to report customer checks which were cashed over the counter totalling:
1984
1985
1986
$ 14,561
$ 10,498
$ 17,827
(i) The omitted income is composed of customer checks not deposited in the business accounts and does not include any bank transfers, gifts or cash deposits. (j) During the course of the examination, Roselyne Gehrau provided respondent a letter in which she attempted to explain the questionable deposits for 1984 as *99 cash deposits from transfers from petitioners' other bank accounts. Mrs. Gehrau was specific as to each deposit -- date and amount of the cash deposit -- and each withdrawal from another account from which the cash was allegedly deposited in personal bank accounts. (k) After Roselyne Gehrau provided her detailed explanation, bank records were summoned; bank records show that the claimed cash deposits include deposits of customer checks. (l) The foregoing statement was given to the Internal Revenue Service with the intention to defraud the government and evade tax. (m) Petitioners' omission of gross receipts on their tax returns for the taxable years 1984, 1985 and 1986 in the amounts of $ 28,713.00, $ 18,098.00 and $ 25,994.00, respectively, is due to fraud with the intent to evade tax. (n) Petitioners understated their taxable income on their income tax returns for the taxable years 1984, 1985 and 1986, in the amounts of $ 30,018.00, $ 18,877.00 and $ 25,779.00, respectively, due to fraud with the intent to evade tax. (o) The petitioners understated their income tax liabilities on their income tax returns for the taxable years 1984, 1985 and 1986 in the amounts of $ 6,097.00, *100 $ 2,135.00 and $ 10,006.00, respectively, due to fraud with the intent to evade tax. (p) The petitioners fraudulently, and with intent to evade tax, omitted from their income tax returns for the taxable years 1984, 1985 and 1986, a portion of the receipts from Gehrau Chiropractic Office in the amounts of $ 28,713.00, $ 18,098.00 and $ 25,994.00, respectively. (1) [sic] The deficiencies in income tax for taxable years 1984, 1985 and 1986, are due to fraud with intent to evade taxes. In the answer, respondent alleged as an alternative to the additions to tax for fraud that petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2) for 1984 and 1985 and under section 6653(a)(1)(A) and (B) for 1986. Respondent did not determine in the notice of deficiency issued to petitioners that they are liable for the additions to tax for negligence as an alternative to the additions to tax for fraud. [2]
*101 Petitioners filed two documents on October 23, 1992, and October 27, 1992, respectively, which the Court treated as a reply and an amended reply to respondent's answer. In those documents, petitioners disputed generally, and did not deny specifically, the detailed allegations contained in the answer. Thus, for example, petitioners asserted in both their reply and their amended reply that the amount of additional Schedule C income for each of the years at issue that respondent alleged was omitted by petitioners from their return for each of those years was determined by the criminal investigation division of the Internal Revenue Service (the Service) to have already been reported in each such return. Respondent did not file with the Court any request for admissions. On September 20, 1993, petitioner Eugen Gehrau [3] appeared at the call of this case from the calendar. Petitioner Roselyne Gehrau did not appear; nor did any representative appear on her behalf. Respondent's counsel informed the Court that petitioners refused to sign the stipulation of facts prepared by respondent. Petitioner requested the Court to dismiss the case without prejudice so that petitioners could attempt *102 to settle the matter administratively. The Court advised petitioner that it could not grant petitioner's request, scheduled the case for trial on September 23, 1993, and ordered the parties to enter into and submit to the Court before trial a stipulation of those facts on which they agreed. On September 23, 1993, this case was called for trial at the time scheduled by the Court. Counsel for respondent appeared. Petitioners did not appear; nor did any representative of petitioners appear on their behalf. At no time since he appeared at the calendar call on September 20, 1993, has petitioner communicated with the Court. At no time since the amended reply was filed by petitioners on October 27, 1992, has petitioner Roselyne Gehrau communicated with the Court. When petitioners did not appear at the trial scheduled for this case on September 23, 1993, respondent orally moved under Rules 123(a) and 104(c)(3) to hold petitioners *103 in default and to dismiss their case on the merits and further moved to hold petitioners liable for a penalty under section 6673. Counsel for respondent requested, and the Court permitted, respondent to file a written motion. That written motion was filed with the Court and served on petitioners by respondent on September 27, 1993. In her motion, respondent represents, and petitioners do not dispute, the following facts: Respondent's appeals officer believed this case was settled and sent decision documents to petitioners for their signatures on July 14, 1993. On August 17, 1993, respondent's appeals officer sent a letter (August 17 letter) to petitioner Eugen Gehrau requesting that petitioners return the signed decision documents. Petitioners failed to respond to the August 17 letter. Consequently, on August 31, 1993, counsel for respondent sent petitioners a letter (August 31 letter) scheduling a conference on September 8, 1993, in order to begin preparation of the case for trial, including drafting a stipulation of facts. The August 31 letter advised petitioners that they should return signed decision documents immediately in the event that they intended to settle the case. *104 It further informed petitioners that if petitioners did not agree to settle the case and if they failed to appear for trial, respondent intended to move for dismissal. The August 31 letter also advised petitioners that, pursuant to section 6673, the Court could impose a penalty in an amount up to $ 25,000 whenever it appeared to the Court that a proceeding before it was instituted or maintained primarily for delay. On September 7, 1993, petitioner called counsel for respondent and requested that the September 8, 1993 conference be rescheduled to September 14, 1993. Petitioner advised respondent's counsel that the case was no longer settled, that he had hired a new representative, and that either petitioner or that representative would appear in respondent's office on the rescheduled meeting date of September 14, 1993. Although petitioner indicated that the new representative was not an attorney, he refused to disclose that representative's identity and stated that he did not know whether that representative was admitted to practice before the Court. On September 13, 1993, petitioner faxed respondent a letter (September 13 letter) regarding this case and his apparent philosophy *105 on income taxes. The September 13 letter stated in pertinent part: In the document that you want me to sign, you speak of "deficiencies" for the years, [sic] 1984, 1985 and 1986. How were these deficiencies determined and who made the determination? Did the Secretary file a return for me? If so, can I get a copy of that return? I've read section 6211(a), but do not understand it. Is the deficiency based on the tax as shown in subtitles A and B, or is it based on the excise taxes imposed by chapters 41, 42, 43 and 44? It is my understanding that even if the deficiency is agreed upon, the Secretary MUST make an assessment of the deficiency. Is that correct? It is my understanding, after reading section 6211(a), that this section deals with an entity called a "taxpayer." Is that correct? In reading section 7701(a)(14), a taxpayer is a person that is subject to any internal revenue tax. In reading the definitions at 7701(a)(1), then at 7701(a)(30), there doesn't appear to be any room in the code for a citizen of the United States (7701(a)(30)) to be classified as a "person" (7701(a)(1)). Is that correct? Matter of fact, didn't the Supreme Court in the case Wills vs. Michigan *106 State Police, make the holding that a "sovereign" cannot be bound in a statute under the term "person" or "any person"? I think it did! I believe it was also the Supreme Court that held in Yick Wo vs. Hopkins that citizens of the United States are the sovereigns and that sovereignty always resides in the people? I think so! This MUST be the case because of the two different definitions in the revenue code. Do you agree? For the additions to tax, these I cannot agree upon, because these types of taxes are not covered under the 16th Amendment. Section 6653(a)(1) imposes what I believe is an "excise tax," as that term is defined at Article I, section 8 of the Constitution. I think that you will agree that every tax imposed by the revenue code, other than the tax on the income, as [sic] been determined, by the courts, to be an "excise tax." If it is an excise tax, is this tax "uniform throughout the United States" as that term is defined at Article I, section 8? Correct me if I'm wrong in this, but to make a determination that there was or is a deficiency requires that a return be made? Either by myself or by the Secretary, is that correct? I would like to see a copy *107 of that return. The deficiency was allegedly made on March 16, 1992, by someone, and the years in question are 1984, 1985 and 1986. Pursuant to section 6501(a) the assessment MUST be made within a 3-year period, commencing on the date when the return was made. Returns were made in 1984, 1985 and 1986 and no assessment of the tax or penalty was assessed in the 3-year period of limitation. In fact, the taxes still have not been assessed. Isn't it the duty of the Secretary to assess all taxes imposed by the revenue code (6201(a)? If there is no assessment, there can be no collection, is that correct? If so, isn't the action by the Tax Court an act of futility? If the IRS will agree that the deficiencies, if made, were in violation of the statute of limitations and uncollectible, then I will not press "theft" charges against the Revenue Agent.
Neither petitioners nor a representative appeared at the conference that had been rescheduled for September 14, 1993. Respondent therefore called petitioner who indicated that his representative was supposed to have attended the meeting. Petitioner also inquired whether respondent had received the September 13 letter that he had faxed *108 the previous day. On September 15, 1993, respondent mailed and faxed a letter (September 15 letter) to petitioner which responded, in part, to the September 13 letter and enclosed a decision document. The September 15 letter again informed petitioner that the Court may impose a penalty under section 6673 in an amount up to $ 25,000 whenever it appears to the Court that a proceeding was instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless. In this connection, the September 15 letter advised petitioner that he "should especially be aware of this provision in light of the agruments [sic] you presented in the letter you faxed to me on September 13, 1993." Also on September 15, 1993, respondent mailed petitioner a second letter (second September 15 letter) enclosing a proposed stipulation of facts. The second September 15 letter reminded petitioner that Rule 91 requires that the parties prepare and submit to the Court a stipulation of facts. Respondent further reminded petitioner in that letter that counsel for respondent had previously scheduled two conferences to discuss and prepare a stipulation of facts, one of which was postponed *109 at petitioner's request and a second of which was not attended by either petitioner or a representative of petitioner. Counsel for respondent further informed petitioner to notify him immediately if he disagreed with any of the facts in the proposed stipulation of facts and, if he agreed with the proposed stipulation of facts, to sign it and bring it with him to submit to the Court at the call of the instant case from the calendar on September 20, 1993. Following the calendar call, petitioner advised counsel for respondent that he would agree to sign the decision document sent to him previously and that he would propose to petitioner Roselyne Gehrau that she also sign that document. On September 21, 1993, petitioner left a voice-mail message for respondent's counsel in which he indicated that petitioners agreed to sign the decision document. Respondent returned petitioner's telephone call, and it was determined that petitioner Roselyne Gehrau would sign the decision document between 12:30 p.m. and 1:00 p.m. on September 22, 1993, and that respondent would obtain the signed document at petitioner's office anytime after 1:00 p.m. on September 22, 1993. On the morning of September *110 22, 1993, petitioner called respondent's office and indicated that he had been advised, and he decided, not to sign the decision document. Counsel for respondent again advised petitioner of the possibility of a penalty under section 6673. He also informed him that it was petitioners, and not their advisers, who would face the consequences of frivolous arguments. Respondent indicated to petitioner that both he and petitioner Roselyne Gehrau needed to appear at the Federal Building in San Francisco at 2:00 p.m. on September 22, 1993, in order to discuss the proposed stipulation of facts. Petitioner indicated that he would appear but that he was unsure about whether petitioner Roselyne Gehrau would appear. An attorney from respondent's Sacramento District Counsel's office drove to San Francisco to meet with petitioners at 2:00 p.m. on September 22, 1993. Respondent's revenue agent also went to attend that meeting with petitioners. Petitioners did not appear by 2:30 p.m. Consequently, a revenue agent for respondent called petitioner to inquire as to his whereabouts. Petitioner was still at his office and indicated that he was instructed not to sign anything. Respondent's revenue *111 agent and counsel offered to go to petitioner's office with the proposed stipulation of facts. However, petitioner declined, stating again that he was instructed not to sign anything. Discussion
Petitioners have the burden of proof on all issues remaining in this case except the additions to tax for fraud. [4] Respondent has the burden of proof with respect to those additions to tax, which she must satisfy by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Not only have petitioners failed to carry their burden of proof as to all issues on which they have the burden of proof (namely, the deficiencies and the additions to tax under section 6661), they also have defaulted within the meaning of Rule 123(a). Smith v. Commissioner, 91 T.C. 1049, 1052 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); *112 Doncaster v. Commissioner, 77 T.C. 334, 336 (1981). That rule states in pertinent part that a party may be held in default if such party "has failed to plead or otherwise proceed as provided by these Rules." Petitioners have failed to proceed with prosecution of their case as provided by the Court's Rules. Petitioner Roselyne Gehrau failed to appear at the call of this case from the calendar. Both petitioners failed to appear at the scheduled trial of this case. They also failed to participate in the preparation of this case for trial. Specifically, despite the Court's warning in its notice setting this case for trial, its pretrial order, and its direction when this case was called from the calendar, petitioners did not comply with the requirements of Rule 91(a) with respect to the preparation of a stipulation of facts. See Miller v. Commissioner, 654 F.2d 519, 521 (8th Cir. 1981), affg. per curiam an unreported decision of this Court; Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974). Accordingly, respondent's determinations in the notice of deficiency with respect to the deficiencies *113 and the additions to tax under section 6661 will be sustained. A default decision as to the additions to tax for fraud on which respondent has the burden of proof also may be appropriate, provided that the pleadings set forth specific facts sufficient to support such a decision. Smith v. Commissioner, supra at 1058; cf. Bosurgi v. Commissioner, 87 T.C. 1403, 1409 (1986). We must decide whether respondent's specific allegations of fact in the answer in this case, if taken to be true by petitioners' default, are adequate to show the existence of fraud for each of the years 1984, 1985, and 1986. After reviewing the answer, we find that respondent has set forth specific facts sufficient to establish fraud for each of those years. The answer details facts showing that an underpayment exists for each of the years at issue and that the entire underpayment for each such year was due to fraud. Respondent's answer (in particular, paragraphs 6(g) through 6(i)) establishes that petitioners consistently and substantially understated their income for each of the years at issue. That fact is evidence of fraud. Holland v. United States, 348 U.S. 121, 139 (1954); *114 Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; Bradford v. Commissioner, 796 F.2d 303, 307, 308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Respondent's answer (in particular, paragraphs 6(b) through 6(i)) indicates the existence of another badge of fraud, i.e., petitioners maintained erroneous business records for each of the years in question. Spies v. United States, 317 U.S. 492, 499 (1943); Lollis v. Commissioner, 595 F.2d 1189, 1192 (9th Cir. 1979), affg. T.C. Memo. 1976-15; Meier v. Commissioner, 91 T.C. 273, 302 (1988); see also Bradford v. Commissioner, supra; Bahoric v. Commissioner, 363 F.2d 151, 154 (9th Cir. 1966), affg. T.C. Memo. 1963-333. Another indication of fraud is shown in respondent's answer (paragraphs 6(j) through 6(l)), namely, an explanation by petitioners of their *115 behavior relating to taxable year 1984 that is inconsistent with bank records summoned by respondent and that was provided with the intention of defrauding the government and evading tax. See Laurins v. Commissioner, supra; Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Bradford v. Commissioner, supra at 307; Bahoric v. Commissioner, supra at 153. Another indication of fraud in the present case is petitioners' failure to appear at trial, suggesting a deliberate attempt by petitioners to conceal the true facts concerning their tax liability. Smith v. Commissioner, supra at 1059-1060. Our review of the entire record in this case, including the well-pleaded facts set forth in respondent's answer, satisfies us that the additions to tax for fraud should be sustained for each of the years at issue. See Smith v. Commissioner, supra; cf. Doncaster v. Commissioner, 77 T.C. at 336-338. *116 Respondent also moved for a penalty under section 6673. Generally, the Court may impose such a penalty in those cases where it appears to the Court that proceedings before it were instituted or maintained by the taxpayer primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. While we are generally reluctant to impose this penalty in fraud cases, we have not hesitated to do so where, for example, a taxpayer fails to address the merits of the case and/or persists in advancing frivolous or groundless arguments. [5]
Based on *117 our review of the entire record in this case, we are not persuaded that the circumstances justifying imposition of a penalty under section 6673 are present. Accordingly, we will deny so much of respondent's motion that seeks a penalty under section 6673. However, we warn petitioners that they may be subject to this penalty if, in the future, they institute or maintain a suit primarily for delay and/or if their position is frivolous or groundless. See Wolf v. Commissioner, 4 F.3d 709, 716 (9th Cir. 1993), affg. T.C. Memo. 1991-212; Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979). To reflect the foregoing, An appropriate order granting that part of respondent's motion that moves to enter a default against petitioners and dismiss this case and denying that part of respondent's motion that moves to impose a penalty under section 6673 and a decision for respondent will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years at issue.↩
2. Since these alternative additions to tax were raised by affirmative allegations in the answer and were not raised in the notice of deficiency, respondent bears the burden of proof. Rule 142(a). Neither respondent's oral motion nor her written motion specifically requests a default decision as to these alternative additions. Therefore, we consider them to have been abandoned by respondent. See Rybak v. Commissioner, 91 T.C. 524, 566↩ (1988).
3. Hereinafter, all references to petitioner in the singular will be to petitioner Eugen Gehrau.↩
4. See supra↩ note 2 regarding respondent's abandonment of her alternative claim that petitioners are liable for the additions to tax for negligence.
5. E.g., Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. without published opinion 956 F.2d 1162 (4th Cir. 1992); Singer v. Commissioner, T.C. Memo. 1990-222, affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Gross v. Commissioner, T.C. Memo. 1990-93↩.